PKC:MBM/SD
F.# 2010R01683

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 2 7 2012 ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ELEUTERIO GRANADOS-HERNANDEZ,
SAMUEL GRANADOS-RENDON,
IRMA RODRIGUEZ-YANEZ,
ANTONIO LIRA-ROBLES,
    also known as "Conyaco"
    and "Ricardo," and
LILIA RAMIREZ-GRANADOS,
     also known as "Lidia,"

          Defendants.

- - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>11-297 (S-3)(KAM)</u>
(T. 8, U.S.C., §§
  1324(a)(1)(A)(v)(I),
  1324(a)(1)(B)(i) and
  1324(a)(2)(B)(ii);
T. 18, U.S.C., §§ 371,
981(a)(1)(C), 982,
982(a)(6),
1591(a)(1)(2008),
1591(a)(1), 1591(a)(2)
(2008), 1591(a)(2),
1591(b)(1)(2008),
1591(b)(1), 1594(c),
1594(d)(1), 1594(d)(2),
1956(h), 2428, 2 and 3551
<u>et</u> <u>seq.</u>; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Sex Trafficking Conspiracy)

    1.   In or about and between October 2000 and December

2008, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants

ELEUTERIO GRANADOS-HERNANDEZ, SAMUEL GRANADOS-RENDON, IRMA

RODRIGUEZ-YANEZ, ANTONIO LIRA-ROBLES, also known as "Conyaco" and

"Ricardo," and LILIA RAMIREZ-GRANADOS, also known as "Lidia,"

together with others, did knowingly and intentionally conspire to

recruit, entice, harbor, transport, provide and obtain by any

means one or more persons, in and affecting interstate and

foreign commerce, and to benefit, financially and by receiving things of value, from participation in a venture that engaged in such acts, knowing that force, fraud and coercion, as described in Title 18, United States Code, Section 1591(c)(2) (2008), would be used to cause such persons to engage one or more commercial sex acts, contrary to Title 18, United States Code, Sections 1591(a)(1) (2008) and 1591(a)(2) (2008).

2. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants, together with others, committed and caused to be committed, among others, the following:

OVERT ACTS

(a) In or about 2001, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, arranged for Jane Doe 2, an individual whose identity is known to the Grand Jury, to be brought to Queens, New York from Mexico.

(b) In or about 2001, the defendants ELEUTERIO GRANADOS-HERNANDEZ and SAMUEL GRANADOS-HERNANDEZ received money earned by Jane Doe 2 from prostitution.

(c) In or about April 2003, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, arranged for Jane Doe 3, an individual whose identity is known to the Grand Jury, to be brought to Queens, New York from Mexico.

2

(d)   In or about January 2004, the defendant ELEUTERIO GRANADOS-HERNANDEZ directed Jane Doe 2 to work as a prostitute in New York.

(e)   In or about 2006, the defendant ANTONIO LIRA-ROBLES, together with others, arranged for Jane Doe 4, an individual whose identity is known to the Grand Jury, to be brought into the United States from Mexico.

(f)   In or about 2006, the defendant LILIA RAMIREZ-GRANADOS instructed Jane Doe 4 on engaging in prostitution in Queens, New York.

(g)   In or about June 2008, the defendant ANTONIO LIRA-ROBLES, together with others, arranged for Jane Doe 1, an individual whose identity is known to the Grand Jury, to be brought to Queens, New York from Mexico.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

<u>COUNT TWO</u>
(Sex Trafficking Conspiracy)

3.   In or about and between January 2009 and June 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ELEUTERIO GRANADOS-HERNANDEZ, SAMUEL GRANADOS-RENDON, IRMA RODRIGUEZ-YANEZ, ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," and LILIA RAMIREZ-GRANADOS, also known as "Lidia," together with others, did knowingly and intentionally conspire to

3

recruit, entice, harbor, transport, provide, obtain and maintain
by any means one or more persons, in and affecting interstate and
foreign commerce, and to benefit, financially and by receiving
things of value, from participation in a venture which engaged in
such acts, knowing, and in reckless disregard of the fact, that
means of force, threats of force, fraud, coercion, as described
in Title 18, United States Code, Section 1591(e)(2), and a
combination of such means would be used to cause such persons to
engage in one or more commercial sex acts, contrary to Title 18,
United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c) and
3551 <u>et seq</u>.)

COUNT THREE
(Sex Trafficking - Jane Doe 1)

4.    In or about and between October 2000 and October
2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant ANTONIO
LIRA-ROBLES, also known as "Conyaco" and "Ricardo," together with
others, did knowingly and intentionally recruit, entice, harbor,
transport, provide, obtain and maintain by any means a person, to
wit: Jane Doe 1, in and affecting interstate and foreign
commerce, and benefit, financially and by receiving one or more
things of value, from participation in a venture which engaged in
one or more such acts, knowing, and in reckless disregard of the
fact, that means of force, threats of force, fraud, coercion, as

4

described in Title 18, United States Code, Section 1591(e)(2),
and a combination of such means would be used to cause Jane Doe 1
to engage in one or more commercial sex acts, which offense was
effected by such means of force, threats of force, fraud,
coercion and a combination of such means.

      (Title 18, United States Code, Sections 1591(a)(1)
(2008) and 1591(a)(1), 1591(a)(2) (2008) and 1591(a)(2),
1591(b)(1) (2008) and 1591(b)(1), 2 and 3551 <u>et</u> <u>seq</u>.)

COUNT FOUR
(Sex Trafficking - Jane Doe 2)

     5.  In or about and between January 2001 and July
2011, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
ELEUTERIO GRANADOS-HERNANDEZ and SAMUEL GRANADOS-HERNANDEZ,
together with others, did knowingly and intentionally recruit,
entice, harbor, transport, provide, obtain and maintain by any
means a person, to wit: Jane Doe 2, in and affecting interstate
and foreign commerce, and benefit, financially and by receiving
one or more things of value, from participation in a venture
which engaged in one or more such acts, knowing, and in reckless
disregard of the fact, that means of force, threats of force,
fraud, coercion, as described in Title 18, United States Code,
Section 1591(e)(2), and a combination of such means would be used
to cause Jane Doe 1 to engage in one or more commercial sex acts,

5

which offense was effected by such means of force, threats of force, fraud, coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1) (2008) and 1591(a)(1), 1591(a)(2) (2008) and 1591(a)(2), 1591(b)(1) (2008) and 1591(b)(1), 2 and 3551 et seq.)

COUNT FIVE
(Sex Trafficking - Jane Doe 3)

6.    In or about and between January 2002 and December 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe 3, in and affecting interstate and foreign commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing that force, fraud and coercion, as described in Title 18, United States Code, Section 1591(c)(2) (2008), would be used to cause Jane Doe 3 to engage in one or more commercial sex acts, which offense was effected by force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1) (2008), 1591(a)(2) (2008), 1591(b)(1) (2008), 2 and 3551 et seq.)

COUNT SIX
(Sex Trafficking - Jane Doe 4)

7.    In or about and between January 2003 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTONIO LIRE-ROBLES, also known as "Conyaco" and "Ricardo," and LILIA RAMIREZ-GRANADOS, also known as "Lidia," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe 4, in and affecting interstate and foreign commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause Jane Doe 4 to engage in one or more commercial sex acts, which offense was effected by such means of force, threats of force, fraud, coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1) (2008) and 1591(a)(1), 1591(a)(2) (2008) and 1591(a)(2), 1591(b)(1) (2008) and 1591(b)(1), 2 and 3551 et seq.)

7

COUNT SEVEN
(Sex Trafficking - Jane Doe 5)

8.    In or about and between May 2009 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe 5, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause Jane Doe 5 to engage in one or more commercial sex acts, which offense was effected by such means of force, threats of force, fraud, coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

COUNT EIGHT
(Sex Trafficking - Jane Doe 6)

9.    In or about and between September 2009 and August 2010, both dates being approximate and inclusive, within the

8

Eastern District of New York and elsewhere, the defendants SAMUEL GRANADOS-HERNANDEZ and IRMA RODGRIGUEZ-YANEZ, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe 6, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause Jane Doe 6 to engage in one or more commercial sex acts, which offense was effected by such means of force, threats of force, fraud, coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

<u>COUNT NINE</u>
(Sex Trafficking - Jane Doe 7)

10.   In or about and between April 2010 and April 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAMUEL GRANADOS-HERNANDEZ and IRMA RODRIGUEZ-YANEZ, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to

9

wit: Jane Doe 7, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause Jane Doe 7 to engage in one or more commercial sex acts, which offense was effected by such means of force, threats of force, fraud, coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT TEN
### (Conspiracy to Smuggle Aliens)

11.   In or about and between October 1998 and August 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ELEUTERIO GRANADOS-HERNANDEZ, SAMUEL GRANADOS-RENDON, IRMA RODRIGUEZ-YANEZ, ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," and LILIA RAMIREZ-GRANADOS, also known as "Lidia," together with others, knowing that one or more persons were aliens, did knowingly and intentionally conspire to bring to the United States such persons at a place other than a designated

10

port of entry or place designated by the Commissioner, contrary to Title 8, United States Code, Section 1324(a)(1)(A)(i).

(Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 3551 et seq.)

## COUNT ELEVEN
(Alien Smuggling for Financial Gain - Jane Doe 1)

12. In or about June 2000, within the Eastern District of New York and elsewhere, the defendant ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 1, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 1, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWELVE
(Alien Smuggling for Financial Gain - Jane Doe 2)

13. In or about 2001, within the Eastern District of New York and elsewhere, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 2, had not

11

received prior official authorization to come to, enter or reside
in the United States, did knowingly and intentionally bring and
attempt to bring to the United States Jane Doe 2, which offense
was done for the purpose of commercial advantage and private
financial gain.

   (Title 8, United States Code, Section
1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and
3551 et seq.)

COUNT THIRTEEN
(Alien Smuggling for Financial Gain - Jane Doe 2)

   14.  In or about 2003, within the Eastern District of
New York and elsewhere, the defendant ELEUTERIO GRANADOS-
HERNANDEZ, together with others, knowing and in reckless
disregard of the fact that an alien, to wit: Jane Doe 2, had not
received prior official authorization to come to, enter or reside
in the United States, did knowingly and intentionally bring and
attempt to bring to the United States Jane Doe 2, which offense
was done for the purpose of commercial advantage and private
financial gain.

   (Title 8, United States Code, Section
1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and
3551 et seq.)

12

### COUNT FOURTEEN
(Alien Smuggling for Financial Gain - Jane Doe 3)

15.   In or about April 2003, within the Eastern District of New York and elsewhere, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 3, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 3, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT FIFTEEN
(Alien Smuggling for Financial Gain - Jane Doe 4)

16.   In or about 2006, within the Eastern District of New York and elsewhere, the defendants ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," and LILIA RAMIREZ-GRANADOS, also known as "Lidia," together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 4, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 4, which

offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SIXTEEN
(Alien Smuggling for Financial Gain - Jane Doe 1)

17.   In or about June 2008, within the Eastern District of New York and elsewhere, the defendant ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 1, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 1, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SEVENTEEN
(Alien Smuggling for Financial Gain - Jane Doe 5)

18.   In or about June 2009, within the Eastern District of New York and elsewhere, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 5, had not

14

received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 5, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT EIGHTEEN<br>(Alien Smuggling for Financial Gain - Jane Doe 6)

19.   In or about May 2010, within the Eastern District of New York and elsewhere, the defendants SAMUEL GRANADOS-HERNANDEZ and IRMA RODRIGUEZ-YANEZ, together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 6, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 6, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINETEEN
(Alien Smuggling for Financial Gain - Jane Doe 7)

20.   In or about July 2010, within the Eastern District of New York and elsewhere, the defendants SAMUEL GRANADOS-HERNANDEZ and IRMA RODRIGUEZ-YANEZ, together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 7, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 7, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWENTY
(Conspiracy to Import Aliens for Immoral Purposes)

21.   In or about and between October 1998 and August 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ELEUTERIO GRANADOS-HERNANDEZ, SAMUEL GRANADOS-RENDON, IRMA RODRIGUEZ-YANEZ, ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," and LILIA RAMIREZ-GRANADOS, also known as "Lidia," together with others, did knowingly and intentionally conspire to import into the United States one or more aliens, to wit: Jane Doe 1 through Jane Doe 8, for the purpose of prostitution and

16

other immoral purposes, and to maintain, control, support, employ and harbor such aliens in houses and other places, to wit: one or more apartments in Queens, New York and elsewhere, for the purpose of prostitution and other immoral purposes, in pursuance of such illegal importation, contrary to Title 8, United States Code, Section 1328.

22. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants, together with others, committed and caused to be committed, among others, the following:

<u>OVERT ACTS</u>

(a) In or about 2001, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, arranged for Jane Doe 2 to be brought to Queens, New York from Mexico.

(b) In or about 2001, the defendants ELEUTERIO GRANADOS-HERNANDEZ and SAMUEL GRANADOS-HERNANDEZ received money earned by Jane Doe 2 from prostitution.

(c) In or about April 2003, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, arranged for Jane Doe 3 to be brought to Queens, New York from Mexico.

(d) In or about January 2004, the defendant ELEUTERIO GRANADOS-HERNANDEZ directed Jane Doe 2 to work as a prostitute in New York.

(e)    In or about 2006, the defendant ANTONIO LIRA-ROBLES, together with others, arranged for Jane Doe 4 to be brought into the United States from Mexico.

(f)    In or about 2006, the defendant LILIA RAMIREZ-GRANADOS instructed Jane Doe 4 on engaging in prostitution in Queens, New York.

(g)    In or about June 2008, the defendant ANTONIO LIRA-ROBLES, together with others, arranged for Jane Doe 1 to be brought to Queens, New York from Mexico.

(h)    In or about June 2009, a co-conspirator, whose identity is known to the Grand Jury, used violence and threats of violence to force Jane Doe 5 to engage in prostitution in New York.

(i)    In or about May 2010, the defendant SAMUEL GRANADOS-HERNANDEZ, together with others, arranged for Jane Doe 6 to be brought to New York City from Mexico.

(j)    In or about April 2011, the defendant SAMUEL GRANADOS-HERNANDEZ directed Jane Doe 7 to engage in prostitution in New York and other states.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT TWENTY-ONE
(Conspiracy to Transport Individuals for
Purposes of Prostitution)

23.   In or about and between May 2010 and May 2011, both dates being approximate and inclusive, within the Eastern

18

District of New York and elsewhere, the defendants SAMUEL GRANADOS HERNANDEZ and IRMA RODRIGUEZ YANEZ, together with others, did knowingly and intentionally conspire to transport one or more individuals in interstate and foreign commerce, with intent that such individuals engage in prostitution, contrary to Title 18, United States Code, Section 2421.

24.   In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants, together with others, committed and caused to be committed, among others, the following:

<u>OVERT ACTS</u>

(a)   In or about May 2010, the defendants SAMUEL GRANADOS HERNANDEZ and IRMA RODRIGUEZ YANEZ transported Jane Doe 8, an individual from Mexico whose identity is known to the Grand Jury, from Mexico into the United States.

(b)   In or about August 2010, the defendant SAMUEL GRANADOS HERNANDEZ directed Jane Doe 6 to engage in prostitution in Virginia.

(c)   In or about May 2011, the defendants SAMUEL GRANADOS HERNANDEZ and IRMA RODRIGUEZ YANEZ attempted to transport Jane Doe 7, who had been engaging in prostitution, from New York to New Jersey.

(Title 18, United States Code, Sections 371 and 3551 <u>et</u> <u>seq</u>.)

19

COUNT TWENTY-TWO
(Money Laundering Conspiracy)

25.   In or about and between October 1998 and June
2011, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
ELEUTERIO GRANADOS-HERNANDEZ, SAMUEL GRANADOS-RENDON, IRMA
RODRIGUEZ-YANEZ, ANTONIO LIRA-ROBLES, also known as "Conyaco" and
"Ricardo," and LILIA RAMIREZ-GRANADOS, also known as "Lidia,"
together with others, did knowingly and intentionally conspire to
transport, transmit and transfer monetary instruments and funds
from a place in the United States to and through a place outside
the United States, to wit: Mexico, (a) with the intent to promote
the carrying on of specified unlawful activity, to wit: sex
trafficking, interstate and foreign travel in-aid-of prostitution
and alien smuggling, in violation of Title 18, United States
Code, Sections 1591, 1952 and 2421, and Title 8, United States
Code, Section 1324, contrary to Title 18, United States Code,
Section 1956(a)(2)(A), and (b) knowing that the monetary
instruments and funds involved in the transportation,
transmission and transfer represented the proceeds of some form
of unlawful activity, and knowing that such transportation,
transmission and transfer were designed in whole and in part to
conceal and disguise the nature, the location, the source, the
ownership and the control of the proceeds of the specified
unlawful activity, and to avoid one or more transaction reporting

20

requirements under State and Federal law, contrary to Title 18, United States Code, Section 1956(a)(2)(B).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE THROUGH NINE

26.   The United States hereby gives notice to the defendants charged in Counts One through Nine that, upon conviction of any such offense, the government will seek forfeiture: (a) in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 1594(d)(2), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) in accordance with Title 18, United States Code, Section 1594(d)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, that was used or intended to be used to commit or to facilitate their commission.

27.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

21

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 981(a)(1)(C), 1594(d)(1) and 1594(d)(2); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION AS
TO COUNTS TEN THROUGH NINETEEN

28.   The United States hereby gives notice to the defendants charged in Counts Ten through Nineteen that, upon conviction of any such offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any conveyance, including any vessel, vehicle, or aircraft, used in their commission; (b) Title 18, United States Code, Section 982(a)(6),

22

Title 8, United States Code, Section 1324(b), and Title 28,
United States Code, Section 2461(c), which require any person
convicted of such offenses to forfeit any property, real or
personal, that constitutes or is derived from or is traceable to
the gross proceeds obtained directly or indirectly from the
commission of the offenses; and (c) Title 18, United States Code,
Section 982(a)(6), which requires any person convicted of such
offenses to forfeit any property that was used to facilitate or
intended to be used to facilitate their commission.

      29.   If any of the above-described forfeitable
property, as a result of any act or omission of the defendants:

      (a)   cannot be located upon the exercise of due
diligence;

      (b)   has been transferred or sold to, or deposited
with, a third party;

      (c)   has been placed beyond the jurisdiction of
the court;

      (d)   has been substantially diminished in value;
or

      (e)   has been commingled with other property which
cannot be divided without difficulty;
it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(6); Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWENTY

30.  The United States hereby gives notice to the defendants charged in Count Twenty that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

31.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWENTY-ONE

32.   The United States hereby gives notice to the defendants charged in Count Twenty-One that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires any person convicted of such offense to forfeit (1) such person's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; and (2) any property, real or personal, constituting or derived from any proceeds that such person obtained directly or indirectly as a result of such offense.

33.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 2428; Title 21, United States Code, Section 853(p))

<u>CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWENTY-TWO</u>

34. The United States hereby gives notice to the defendants charged in Count Twenty-Two that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a), of all property involved in such offense, and all property traceable to such property.

26

35.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982)

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

27

# UNITED STATES DISTRICT COURT

EASTERN    District of    NEW YORK

## THE UNITED STATES OF AMERICA

vs.

ELEUTERIO GRANADOS HERNANDEZ, et al.

Defendants.

## S U P E R S E D I N G   I N D I C T M E N T

(T. 8, U.S.C., §§ 1324(a)(1)(A)(v)(I),
1324(a)(1)(B)(i) and 1324(a)(2)(B)(ii); T. 18,
U.S.C., §§ 371, 981(a)(1)(C), 982, 982(a)(6),
1591(a)(1)(2008), 1591(a)(1), 1591(a)(2)(2008),
1591(a)(2), 1591(b)(1)(2008), 1591(b)(1), 1594(c),
1594(d)(1), 1594(d)(2), 1956(h), 2428, 2 and
3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

A true bill.

_____

Foreman

Filed in open court this_____day.
Of_____ A.D. 2011 _____

_____

Clerk

Bail, $_____

Pamela Chen, AUSA   (718) 254-7575