UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -v-

                                                          11 CR 297 (S-3) (KAM)

ANTONIO LIRA-ROBLES,

        Defendant.

------------------------------------------------------------X

**DEFENDANT ANTONIO LIRA-ROBLES SENTENCING MEMORANDUM**

                                                              Richard Harris Rosenberg
                                                              Attorney for Defendant
                                                              217 Broadway – Suite 707
                                                              New York, New York   10007

*Introduction:*

The defendant, Antonio Lira- Robles, is scheduled to be sentenced on May 23, 2014 following his plea to Count Three of the indictment charging him with a violation of 18 U.S.C. § 1591 (a) ( 1 ). The defendant was arrested in his native Mexico on October 5, 2011 as a result of the instant indictment and subsequently placed in extradition proceedings related to this case. On November 16, 2012 the defendant appeared in this district pursuant to that extradition process. The defendant has remained in custody .

In sum and substance this case involved a family organization of sex traffickers from Tenancingo, Mexico who were engaged in bringing young women to the United States for the purpose of profiting from their managed prostitution. According to the indictment and offense of conviction, the women were illegally smuggled into the U.S. and entered into prostitution through the use of false promises, coercion and/or force. By statute this offense carries a mandatory minimum sentence of fifteen years' imprisonment and a maximum of life imprisonment. This plea was entered pursuant to a plea agreement.

While the sentencing guidelines are now advisory post *United States v. Booker,* 125 S. Ct. 738 (2005) and are but one of five factors to be considered in determining a sentence, district courts are nevertheless directed to determine the applicable guidelines range and consider it along with all the factors listed in 18 U.S.C. § 3553 (a). *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). Accordingly, the first part of this memorandum will address the guideline issues raised in the pre-sentence report, as well as objections, comments and corrections to the report.

*Comments and Objections to the Pre-Sentence Report:*

¶110: His mother's correct name is Geraldo Lira Montorasa.

¶ 114: There are two daughters from this relationship: "Stephanie" and " Afanny" age 4

are one and the same. The other daughter is named "Kelly" age 3.

***The Guideline Sentence Range:***

The PSR calculated the defendant's guideline range differently than the government's estimate contained in the plea agreement. While both start with a base level offense of 30 and add 4 levels pursuant to U.S.S.G. § 2a3.1 ( B ) (1 ). ( use of force ) and deduct 3 levels for acceptance of responsibility, the Probation Department does not include an enhancement for "vulnerable " victim as provided by U.S.S.G. § 3A1.1 ( b ) ( 1 ). Accordingly, Probation arrives at a total offense level 31 and a Criminal History Category I resulting in an advisory guideline range of 108 to 135 months. The government's plea agreement estimate included the vulnerable victim enhancement and resulted in an advisory guideline range of 135-168 months.

Both guideline calculations are below the statutorily mandated minimum sentence of 180 months. Nevertheless, for the reasons that follow we respectfully submit that the vulnerable victim enhancement should not apply.

U.S.S.G.§ 3A1.1 ( b ) provides for a two level enhancement if the defendant "knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct" In *United States v. McCall,* 174 F.3d 47 (2d Cir. 1998) the Second Circuit examined the section, its Application Notes and case law found that more is required than simply class based generalizations. The Court held that "[t]he correct test calls for an examination of the individual victims' ability to avoid the crime rather than their vulnerability relative to other potential victims of the same crime." *U.S. v. McCall* at 50. The Court cautioned against class generalizations holding that there must be specific findings of particular vulnerability and that membership alone in a particular class of victim is not necessarily sufficient for the enhancement

to apply.

Accordingly, a review of case law interpreting this guideline have rejected this enhancement based on age alone ( *U.S. v. McCall supra; U.S. v. Vega-Iturrino*, 565 F. 3d 430 (8th Cir. 2009), religious sect (*U.S. v. Stambaugh*, 462 F.3d 131 (2d Cir. 2006); economic dependency and abuse ( *U.S. v. Sabatino*, 943 F.2d 94 ( 1st. Cir. 1991 ); *U.S. v. Castaneda*, 239 F.3d 978 (9th Cir. 2001 ) (Mann Act prosecutions).

There is nothing in the offense narrative contained in the PSR that identifies the characteristics and circumstances that rendered victim #1 particularly vulnerable as required by *McCall* and that the defendant knew or should have known of the victim's unusual vulnerability. *U.S. v. Stambaugh, supra* at 144.

The vulnerable victim enhancement should not be included in the guideline calculation.

*A Sufficient But Not Greater Than Necessary Sentence:*

As this court is well aware sentencing court must now consider all of the 18 U.S.C. § 3553 (a) factors, not just the guidelines, in determining a sentence that is minimally sufficient to meet the goals of sentencing set forth in 18 U.S.C. § 3553 (a) (2): justice, deterrence, incapacitation and rehabilitation. *Gall v. United States*, 128 S. Ct. 586 (2007); *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

The requirement that a court impose a "sufficient, but not greater than necessary" sentence to achieve those goals sets a limit on the sentence that a court may impose. Further, in determining whether and to what extent imprisonment is appropriate based on § 3553 (a) factors, the court is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582 (a).

In *Pepper v. United States*, 131 S. Ct. 1229 (2011), the Court emphasized that a

sentencing judge assumes "an overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.*, at 1242, 1243. *See also United States v. Dorvee*, 616 F.3d 174, 182-83 (2d Cir. 2010) ("[u]nder §3553(a)'s 'parsimony clause,' it is the sentencing court's duty to 'impose a sentence sufficient, but not greater than necessary to comply with the specific purposes set forth' at 18 U.S.C. §3553(a)(2)"), *quoting United States v. Samas*, 561 F.3d 108, 110 (2d Cir. 2009).

As the Second Circuit explained in *Dorvee*,

> [e]ven where a district court has properly calculated the Guidelines, it may not presume that a Guidelines sentence is reasonable for any particular defendant, and accordingly, must conduct its own independent review of the §3553(a) sentencing factors. *See* [*United States v.*] *Cavera*, 550 F.3d [180,]189 [(2d Cir. 2008) (*en banc*)].

616 F.3d at 182.

For the reasons that follow in this memorandum and for the 18 U.S.C.§ 3553 (a) factors present in this case we respectfully submit that the imposition of the statutory minimum of 180 months is appropriate to ensure a sentence that is minimally necessary to achieve the goals of sentencing and the interests of justice.

### *The Defendant's Background, Character and Circumstances of the Offense*

Under 18 U.S.C.§ 3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Antonio Lira- Robles is a 38 year old native and citizen of Mexico who was raised, due to circumstances, in the town of San Miguel Tenancingo in the Tlaxcala district of southeast Mexico.

The defendant, as related in the PSR, was abandoned by his mother shortly after birth and raised by his father until the age of 6. At that age his father, a police officer, died of alcoholism The defendant was taken in by his father's brother who lived in Tenancingo, a town infamous for being a center for prostitution rings. Wikipedia cites one Mexican charity's estimate that of approximately 10,000 inhabitants in that town, 1000 are involved in sex trafficking.

The defendant, despite being a blood relative by the family that raised him, was not treated as a family member. He was regarded as "bastard" and treated as such. The defendant's chores from that early age was to tend to the farm animals. He was routinely beaten, at times with a whip, and as special punishment, not allowed to eat. Added to this deprivation was the absence of any formal schooling.  As the defendant has related to counsel, he never experienced close friends or family and grew up without affection  In his life there were no Christmases, birthday or holiday celebrations.

At the age of 20 the defendant left the farm and found a small home in town. *"What we see changes who we are"* Those are the apt words of the French urban artist and TED prize winner, JR. What Antonio Lira -Robles saw was a culture that not only tolerated sex trafficking but flaunted it with the showy extravagances of its participants. The defendant was poor, a new father of a son, and in a relationship with a woman, the child's mother, who resented his poverty. When given the opportunity to learn the ropes of the sex trafficking trade by people he looked up to for their position, place and "respect", the defendant was a ready student. As he has stated to counsel: " I wanted to be somebody".

It is impossible to know to what extent Mr. Lira-Robles' sorry childhood, childhood abuse, lack of education, lack of skills, lack of emotional connection, an outlaw cultural environment, and the abandonment by mother ( and later, his child's mother ) contributed to his ability and willingness to engage in such a serious and repugnant crime. But it is not a far reach to presume that what Mr. Robles saw and experienced had some influence over his thought processes and the emotional make-up needed, or lacking, to engage in such an offense.

As the PSR reflects, the defendant's son was adopted by Victim #1 and raised by her family. The defendant's two other children, daughters ages 4 and 3, reside with their mother, Yvonne, who ended her relationship with the defendant when he was arrested in this case. It is his children that Mr. Robles reflects upon these many months in prison, craving to assume a responsible, giving role as a parent. He has also come to understand the gravity of his offense and experiences genuine remorse for his involvement. He is man without close friends or relatives and he has spent his time awaiting sentence without the benefit of visitation. As with other inmates, he has become more religious and spiritual in his approach to life. His goals are modest; to complete his sentence and one day be able, as a free man, to reunite with his children, especially the daughters, and lead a righteous and crime- free life.

Finally, the defendant has described his one year spent in jail in Mexico City awaiting extradition as particularly harsh. After his arrest he was interrogated and asked to identify other individuals engaged in the offense. According to the defendant, the interrogation included leaning him back in a chair and placing a wet rag and water over his mouth and nose and then being punched in the stomach so as to would expel the water he swallowed. He is obviously and immensely grateful that his imprisonment here has not been unduly harsh. While we do not seek a permissible sentencing departure on these grounds ( *See i.e. United States v. Carty*, 264 F.3d

191 (2d Cir. 2001 ) (" pre-sentence confinement conditions may in appropriate cases be a permissible basis for downward departure") because of the mandatory minimum sentence present here, we do ask the Court to give some consideration to this claim.

The defendant's advisory guideline range is below the mandatory minimum sentence of fifteen years that is required by law. It is respectfully submitted that such a sentence is sufficient but not greater than necessary to address Mr. Lira-Robles' crime, to maintain respect for the administration of justice, to ensure deterrence both individually and generally, and to allow for rehabilitation of the defendant.

*Conclusion:*

For all the foregoing reasons it is respectfully submitted that a sentence of fifteen years is appropriate in this case.

Respectfully submitted,

Richard H. Rosenberg

cc: All Parties (ECF)