

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

TM:SD

May 19, 2014

By ECF

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      Re:    United States v. Antonio Lira-Robles
                Criminal Docket No. 11-297 (S-5) (KAM)

Dear Judge Matsumoto:

      On December 1, 2013, the defendant Antonio Lira-Robles pleaded guilty pursuant to a plea agreement to count three of a superseding information, charging him with sex trafficking, in violation of 18 U.S.C. § 1591(a)(1). The defendant is scheduled to be sentenced by Your Honor on May 23, 2014.

      The government respectfully submits this response to object to the defendant's sentencing submission, dated April 17, 2014.

I.    Factual Background

      As the Pre-Sentencing Report ("PSR") describes in some detail, the defendant, along with his co-conspirators, participated in a sex trafficking conspiracy from October 2000 to April 2011. (PSR ¶¶ 1-26). Over approximately ten years, the defendant was involved in the family business which involved the defendant and his co-conspirators starting romantic relationships with females in Mexico and then luring them to the United States with the false promise of a better life. Each of these victims were transported by the defendant and his co-conspirators, with the intent that they would engage in prostitution. (PSR ¶ 4). Once in the United States, the defendants forced victims into prostitution by threats, coercion and violence. For each of the victims, the defendant and his co-conspirators kept all of the proceeds from the prostitution.

As part of his plea agreement, the defendant pled guilty to sex trafficking Jane Doe #1. However, he was also responsible for the recruitment of Jane Doe #4. (PSR ¶ 1). The defendant's conduct towards both of these victims shows the same pattern of criminal conduct and abuse. For example, in 1999, the defendant recruited Jane Doe #1 in Tenancingo, Mexico and shortly after, he began a relationship with her and moved her into his parents' home. (PSR ¶ 8). Shortly thereafter, Jane Doe #1 became pregnant and the defendant forced her to abort the child. Id. The defendant then forced Jane Doe #1, through threats and physical violence, to begin prostituting in Mexico City. (PSR ¶ 9). In June 2000, the defendant and Jane Doe #1 travelled to Queens, New York. (PSR ¶ 11). Upon their arrival, Jane Doe #1 stated that she did not want to work as a prostitute, to which the defendant responded by physically assaulting her. As a result, Jane Doe #1 worked for Lira-Robles in the United States, including New York and Boston, from 2001 to 2003. (PSR ¶ 12). In 2003, Jane Doe #1 returned to Tenancingo to work. In 2008, the defendant again threatened Jane Doe #1 and ordered her to come back to the United States to work as a prostitute. Id. Because of the threats, Jane Doe #1 agreed to return to the Bronx, New York to work. Id. Jane Doe #1 continued to work for Lira-Robles from 2008 to 2010 and provided all the proceeds to him. (PSR ¶ 8.)

During the same time period of his involvement with Jane Doe #1, the defendant recruited Jane Doe #4. (PSR ¶ 25). Similar to Jane Doe #1, the defendant began a romantic relationship with Jane Doe #4 and suggested they travel to the United States. (PSR ¶ 26). Upon their arrival to the United States, the defendant told Jane Doe #4 that in order to pay off the smuggling debt, she must work as a prostitute. (PSR ¶ 27). As a result of the threats, Jane Doe #4 worked for the defendant from approximately 2004 until 2010. (PSR ¶ 25).

On October 5, 2011, as part of an ongoing investigation into the Granados Sex Trafficking organization, the defendant was arrested in Mexico. (PSR ¶ 85).

II.     Objections to the Pre-Sentence Report

In the plea agreement, the defendant's United States Sentencing Guidelines ("Guidelines") range was estimated to be 135 to 168 months' imprisonment. See plea agreement ¶ 2. The United States Probation Department, however, calculated that the applicable guidelines range is 108 to 135 months imprisonment. (PSR ¶ 168). The disparity between the estimated Guidelines range in the plea agreement and the Guidelines calculation in the PSR is based, in part, on the fact that the plea agreement mistakenly affords a two-level enhancement for the defendant's recruitment of Jane Doe #1 as a vulnerable victim pursuant to U.S.S.G. 3A1.1. Based on the facts of this case, the government cannot prove that the victims qualify as "vulnerable victims," within the meaning of the Sentencing Guidelines.

2

Accordingly, the government agrees with the defendant that the applicable advisory Guidelines range is 108 to 135 months. As the Court is aware, pursuant to the parties' plea agreement, the government has agreed not to take a position as to where within the Guidelines range the sentence should fall or advocate for a sentence above the applicable Guidelines range. See Plea agreement ¶ 4(b) and (c).

III. Discussion

The defendant argues that because of the defendant's personal and family history, he should be sentenced to the statutory minimum of 180 months. See Sentencing Memorandum, ("Memorandum") p. 9, April 30, 2014. Notably, however, none of the circumstances of the defendant's family, which include growing up in poor economic circumstances distinguish his offense from the typical case. Indeed, the defendant is similarly situated to all defendants who engage in criminal activity, in part, out of financial necessity. See, e.g., United States v. Vera Ramos, 296 Fed. Appx. 201, 203-04 (2d Cir. 2008) (affirming Guidelines sentence despite defendant's "difficult upbringing" and "very substantial family responsibilities'" and noting district court's observation that such circumstances are "almost universal" among defendants in similar cases). Accordingly, since courts are not to consider a defendant's "disadvantaged upbringing" pursuant to U.S.S.G. § 5H1.12, the defendant's request for consideration should be denied.

IV. Conclusion

In sum, the defendant's role in a cruel family business of recruiting young women to force them into prostitution is significant. The government respectfully requests that the Court consider the defendant's criminal conduct involving his victims in fashioning an

3

appropriate sentence that will reflect the seriousness of the offense and deter criminal conduct. See 18 U.S.C. § 3553(a).

                                                Respectfully submitted,

                                                LORETTA E. LYNCH
                                                United States Attorney

By:    _____

                                                Soumya Dayananda
                                                Assistant U.S. Attorney
                                                (718) 254-7996

CC: Clerk of the Court (KAM) (By ECF)
      Richard Rosenberg, Esq.  (By ECF)